UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,                                        Case No. 18-20392

v.                                                Honorable Nancy G. Edmunds

ALINE HARRIS,

    Defendant.

_____/

**ORDER DENYING DEFENDANT'S MOTION FOR
RECONSIDERATION OF SENTENCE [23]**

On November 8, 2018, Defendant pleaded guilty to Wrongful Disclosure of Health Information in violation of 42 U.S.C. § 1320d-6 and Identity Theft in violation of 18 U.S.C. § 1028(a)(7). (Dkt. 15.) On March 14, 2019, the Court sentenced Defendant to twelve months and one day imprisonment, per count, to be served concurrently. Judgment was entered on March 19, 2019. (Dkt. 21.) The matter is currently before the Court on Defendant's motion for reconsideration filed on April 19, 2019. (Dkt. 23.) Defendant requests this Court allow her to serve her entire sentence, or alternatively half of her sentence, in home confinement or a halfway house (residential community center) rather than in custody. The Government filed a response, opposing the motion. (Dkt. 24.)

Defendant cites to Local Rules 7.1(h) and 59.1 of the Eastern District of Michigan and Rule 59(e) of the Federal Rules of Civil Procedure as the basis for her motion. However, these rules do not give the Court the authority to reconsider a sentence

1

imposed in a criminal case.[1]  "The authority of a district court to resentence a defendant is limited by statute." *United States v. Houston*, 529 F.3d 743, 748 (6th Cir. 2008) (citation omitted).  Under 18 U.S.C. § 3582(c)(1)(B), a "court may not modify a term of imprisonment once it has been imposed except that . . . the court may modify an imposed sentence of imprisonment to the extent otherwise expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure."  *See Houston*, 529 F.3d at 748-49.  Under Rule 35(a), "the court may correct a sentence that resulted from arithmetical, technical, or other clear error" within fourteen days of sentencing.  The authority to correct a sentence under Rule 35(a) is "extremely limited," and "is not intended to afford the court the opportunity to reconsider the application or interpretation of the sentencing guidelines or simply to change its mind about the appropriateness of the sentence."  *Houston*, 529 F.3d at 749 (internal quotations and citations omitted).  A "clear error" is "an error that obviously would have resulted in remand" on appeal.  *Id.*

Defendant did not file her motion within fourteen days of sentencing and, thus, Rule 35(a) is not applicable here.  And even if her motion was timely filed under Rule 35(a), Defendant has not pointed to an error within the meaning of the rule or to any

---

[1] In fact, Federal Rule of Civil Procedure 59(e) is unavailable in criminal proceedings.  *United States v. Moon,* 527 F. App'x 473, 474 (6th Cir. 2013) (unpublished).

2

other error.² In sum, the Court does not have the authority to modify Defendant's sentence.³ Defendant's motion for reconsideration of her sentence is DENIED.

SO ORDERED.

s/Nancy G. Edmunds
Nancy G. Edmunds
United States District Judge

Dated: May 2, 2019

I hereby certify that a copy of the foregoing document was served upon counsel of record on May 2, 2019, by electronic and/or ordinary mail.

s/Lisa Bartlett
Case Manager

---

² The only argument Defendant advances regarding any of the sentencing factors is that a sentence modification is needed to "avoid sentence disparities" between her and her codefendants. See 18 U.S.C. § 3553(a)(6). However, the need to avoid sentence disparities "concerns *national* disparities between defendants with similar criminal histories convicted of similar criminal conduct—not disparities between codefendants." United States v. Conatser, 514 F.3d 508, 521 (6th Cir. 2008) (citations omitted).

³ Even if the Court did have the authority to reconsider Defendant's sentence, it would not do so. As the Court stated at sentencing, even though Defendant is a single mother to her two minor children, a term of imprisonment is nonetheless warranted in this case. Ultimately, Defendant received a term of imprisonment below what was recommended by the Government and at the bottom of the guidelines range.